AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.
ELTON SIMMONS-04

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-20090-KHV

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

[see attached explanation]

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 13, 2007

s/ David J. Waxse
*Signature of Judicial Officer*

DAVID J. WAXSE, MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. ELTON SIMMONS-04
Criminal Action: 07-20090-KHV

## Part II - Written Statement of Reasons for Detention

There is a series of factors I have to look at to determine whether there are conditions of release that will reasonably assure your appearance and protect the safety of the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense involves a controlled substance which it does, so that is a negative.

The next factor is the weight of the evidence. There has been a Grand Jury Indictment, so that is a probable cause determination, which is a negative.

The next factor is your personal characteristics, which include your physical and mental condition. There is nothing there that indicates a problem.

Your family ties would be positive.

Your employment is negative because there has been no substantial employment.

The next factor is your financial resources. This is questionable because of the cash in question, as to whether there are resources hidden some place else which would aid in flee, so that is a negative.

Your length of residence in the community is a positive.

Your community ties are positive.

The next factor is your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearances to court proceedings. There are no failure to appear in the past, but the criminal history is a problem and two prior felony drug convictions, which cause a sentence enhancement, so that is a negative.

The next factor is whether at the time of the current offense or arrest you were on probation or parole, which you were not.

The final factor is the nature and seriousness of the danger to any person or the community that would be posed by your release. When you are talking about potential distribution of crack cocaine, that is a substantial danger to the community.

Considering all these factors, and primarily the fact that you are asking me to set

conditions and then assume you are going to comply with them, I going to require you be detained pending further hearing.